# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN MITCHELL, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 04 C 3648 ) (97 CR 15738) ) Paul E. Plunkett, Senior Judge |
| ALAN UCHTMAN,[1] | ) ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Jonathan Mitchell has filed a petition pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging his state sentence. For the reasons set forth below, his petition is denied and this case is dismissed.

## Background

On the night of May 12, 1997, Mitchell and co-defendant Antonio McDonald joined a group of three men playing dice in a park. When they lost, Mitchell pulled out a gun and he and McDonald demanded money from the other three men. One of the men, Anthony Childress, refused to give them any money, so Mitchell shot and killed him. Mitchell and McDonald were convicted of armed robbery and first degree murder following a bench trial. Mitchell was sentenced to natural life in

---

[1]Since the filing the petition, Alan Uchtman replaced Eugene McAdory as Warden of Menard Correctional Center. Pursuant to Fed. R. Civ. P. 25(d) and Rule 2(a) of the Rules Governing Section 2254 Cases, Warden Uchtman should be substituted as the proper party-respondent.

prison for the murder and also received a consecutive thirty-year sentence for the armed robbery. Mitchell appealed. His conviction was affirmed on April 26, 2001. He did not appeal to the Illinois Supreme Court because his counsel informed him that there were no appealable issues. Mitchell filed a petition for post-conviction relief on October 23, 2001, which was denied on November 16, 2001. An state appellate defender was appointed to represent Mitchell on appeal, but that attorney filed a motion to withdraw from the case under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), stating there were no non-frivolous issues for appeal. Mitchell filed a memorandum in opposition to his attorney's motion, arguing that he had a viable claim for appeal under *Apprendi v. New Jersey*, 520 U.S. 466 (2000). Mitchell had not raised the claim before filing this memorandum. The Illinois Appellate Court granted the attorney's motion to withdraw and affirmed the trial court's summary dismissal of Mitchell's post-conviction petition on August 20, 2003, saying that it had reviewed the record, the attorney's *Finley* memorandum and Mitchell's response and found no issues of arguable merit.

## Discussion

Mitchell now argues that his sentence of natural life was unconstitutional because a combined murder and armed robbery charge was not in the original indictment, and a jury did not determine factual issues that enhanced his sentence beyond the statutory maximum.[2] The state argues that Mitchell is procedurally defaulted from raising this claim because he did not raise this issue on direct

---

[2] His claim reads, in its entirety: "Jonathan Mitchell Sentence of Natural Life Imprisonment Based on the Finding that the Death Penalty Aggravating Factor Exists is unconstitutional because it violates Separation of Powers and Ex Post Facto principles because it punishes defendant for conduct that was not an element of the crime, it is facially unconstitutional, and thus, VOID AB INITIO."

appeal or in his post-conviction petition. Mitchell concedes that he did not raise the issue on appeal, but contends that the issue was fully presented to the Illinois Appellate Court when he wrote a memorandum in opposition to his counsel's motion to withdraw from his case under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). That court granted the withdrawal, stating that it had reviewed the record and Mitchell's arguments and found no issues of arguable merit. On this basis, Mitchell argues that the claim was fairly presented and is properly before this Court.

In general, a *habeas* petitioner can bring his claims to federal court only if he "raised all of [them] during the course of the state proceedings, presenting each claim fully and fairly to the state courts." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "A petitioner presents his claims fully by pursuing all available avenues of relief provided by the state before turning to the federal courts." *Id.* (internal quotation marks and citation omitted). A petitioner presents his claims fairly if he gives the state courts "a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* Both the operative facts and the "controlling legal principles" must be submitted to the state court. *Id.* (internal quotation marks and citation omitted). If a petitioner does not raise his claims in a petition for a discretionary appeal to the state supreme court, he cannot satisfy this requirement. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 144 L. Ed. 2d 1, 119 S. Ct. 1728 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). If claims are not fully and fairly presented to the state courts for resolution, a prisoner is barred from bringing them to federal court for review. *See Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir.1996).

3

Relying on the holding in *Wilkinson v. Cowan*, Mitchell argues that he fully and fairly presented his *Apprendi* claim to the Illinois Appellate Court because that court reached the merits of the claim when it reviewed his memorandum in opposition to his attorney's *Finley* brief. *Id.*, 231 F.3d 347 (7th Cir. 2000) (noting that "any motion to withdraw pursuant to *Finley* . . . necessarily implicates the merits of an appeal, because the premise of the motion is that the appeal is frivolous"). In *Wilkinson*, the Illinois Appellate Court granted the *Finley* motion of the appellant's attorney and affirmed the trial court's decision, saying it had reviewed the merits of the post-conviction motion and found no basis for appeal. *Id.* at 351. The petitioner in that case was not aware of his right to respond to his attorney's motion, either through a memorandum or a *pro se* appellate brief, meaning the "affirmance was based on something less than full, adversarial briefing—really, no briefing at all." *Id.* Nevertheless, the Seventh Circuit determined that the appellate court had sufficiently reviewed the merits of the petitioner's post-conviction claims to allow *habeas* review. *Id.* at 351–52.

A handful of prisoners soon stepped forward seeking to expand the holding in *Wilkinson*. Mitchell points to two cases in which district courts were forced to grapple with the issue of whether a claim had been procedurally defaulted when it had not been raised until a response to a *Finley* motion; each court ultimately ruled on different grounds. *See Taylor v. Pierson*, No. 93-C1955, 2001 WL 22220135, at *9 (N.D. Ill. Sept. 25, 2003) ("Accepting the affirmance as a merits ruling would require this court to consider whether a non-existent state court ruling comports with the U.S. Constitution, as neither the trial court nor the appellate court made any specific findings as to [petitioner's] . . . argument."); *Dalton v. Warden, Oshkosh Correctional Inst.* 281 F. Supp. 2d 941 (N.D. Ill. 2003) (*vacated and remanded on other grounds by Dalton v. Battaglia*, — F.3d —, 03-3982, 2005 WL 661983 (7th Cir. Mar. 23, 2005)). The district court in *Dalton* noted the apparent

4

"tension between *Wilkinson*, which addresses cases where a state appellate court has 'reviewed the record' and 'found no issues of arguable merit,' and the Seventh Circuit's cases interpreting the 'full and fair presentment' requirement." *Id.* 281 F. Supp. 2d 941, 948 n.1.

We no longer need struggle to resolve this tension. In *Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004), the Seventh Circuit rejected "the notion that a petitioner fairly presents his federal claim to the state courts when he raises that claim for the first time in an appellate brief after his lawyer has filed a motion to withdraw under *Finley*." *Id.* at 1031. That court clarified the holding of *Wilkinson*, which

> [a]t most, . . . stands for the proposition that when a state appellate court elects to summarily affirm the judgment below without having invited the appellant to identify the issues he wishes to pursue on appeal, we will construe the affirmance to have reached the merits of each issue that the petitioner properly raised in the court below.

*Id.*

In other words, a summary affirmance following the filing of a *Finley* motion can be read as a decision on the merits, but only of those claims raised at the trial court level. *Id.* ("[N]othing in the appellate court's summary order . . . signals the court's willingness to expand the scope of the appeal to claims that the trial court had not reached in the particular decision under review.") In this case, Mitchell did not raise his *Apprendi* claim before the trial court. Therefore, he did not fully and fairly present this claim before the state courts and the claim is procedurally defaulted.

Despite the default, we can still reach the merits of these claims if Mitchell can show adequate cause for having failed to raise these claims on appeal and actual prejudice resulting from that failure. *See Moore v. Casperson*, 345 F.3d 474, 484 (7th Cir. 2003). Absent such a showing, a defaulted claim is reviewable only if the violation would result in a "fundamental miscarriage of

justice." *Id.* Mitchell does not argue either cause and prejudice or fundamental miscarriage of justice and so his procedural default precludes our review of these claims.

Even if we were to find that he had not procedurally defaulted, Mitchell's cause would fail because his *Apprendi* claims are baseless. First, Mitchell suggests that his sentence of natural life was unconstitutional under *Apprendi* because the aggravating factor of the armed robbery committed in the course of Childress's murder was not submitted to a jury. *Apprendi* announced the rule that "any fact [other than prior conviction] that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In this case, however, Mitchell waived his right to a jury trial in August of 1999, more than two years after his indictments were handed down. His waiver form includes the charges of murder and armed robbery. He thus waived his right to have a jury determine the validity of the factual allegations surrounding the armed robberies. A judge determined that the evidence proved beyond a reasonable doubt that Mitchell committed the robberies. Therefore, there was no *Apprendi* violation.

Second, Mitchell claims that although he "was indicted and convicted on a count of armed robbery, that armed robbery was not related to the murdered individual, which would implicate the trial court's finding that aggravating factor existed under [720 ILCS 5/9-1(b)(6)(c)]." Mitchell bases this claim on the assumption that he was not actually convicted of the armed robbery of Childress, though he was convicted of robbing the other two victims who were with Childress the night of his murder. He challenges the state's contention that he was convicted of "count three," which apparently reads, "They, without lawful justification while committing a forcible felony, to wit: armed robbery, shot and killed Anthony V. Childress with a gun, in violation of Chapter 720, Act

5, Section 9-1-A(3) of the Illinois Compiled Statues 1992, as amended." To be fair, the court record is somewhat murky as to precisely which charges correspond to the counts on which Mitchell was convicted.[3] However, even if we were to accept Mitchell's contention that he was not convicted of robbing Childress or of a combined charge of murder and a forcible felony, he was clearly convicted of armed robbery. Childress was murdered during the course of those armed robberies. The statute under which Childress was sentenced to natural life, 720 ILCS 5/9-1(b)(6), does not require that the murdered victim also be the target of an inherently violent felony, merely that "the murdered individual was killed in the course of" such a felony. Mitchell was convicted of murdering Childress in the course of robbing two other men at gunpoint. Thus, again, he is not entitled to *habeas* relief under *Apprendi*.

Third, Mitchell contends that he was not properly notified through indictment that he faced a sentence beyond the statutory maximum because the aggravating factor was not alleged. This is simply untrue. Not only was he charged with the armed robberies of Childress's companions, Mitchell was indicted for the armed robbery of Childress, though this charge was dropped. Furthermore, he was indicted for murdering Childress in the course of committing another felony.[4]

---

[3] The trial transcript indicates that Mitchell was convicted of counts two, three, five and six. Mitchell has also attached an "Order of commitment and sentence to Illinois Department of Corrections" suggesting that Mitchell was convicted of murder and counts two and five. What these counts correspond to is mysterious even to the state, who suggests that "[a]lthough the counts are not numbered, the trial court judge apparently followed the order of the counts as they appear in the common law record. This is supported by the fact that the judge noted that count four and seven were *nolle processed* and there are handwritten notes to that effect on the fourth and seventh counts in the record. (*See* respondent's Exhibit 12 at C11–17; Exhibit 11 at A38)." While this approach makes a great deal of sense, we find it best to not base our decision on whether or not Mitchell was convicted of "count three."

[4] Mitchell also attacks the statute itself for not requiring that an aggravating factor be alleged in an indictment. As he was not injured by this alleged defect in the sentencing statute, we need not investigate the merits of this argument.

7

His indictments for the armed robberies that led to his convictions provided him with ample notice that he faced an enhanced sentence.

## Conclusion

For the reasons set forth above, Mitchell's 2254 motion is denied and this case is dismissed. This is a final and appealable order.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: APR 1 8 2005